UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        v.<br><br>(1)    PATRICK JOSEPH;<br>(2)    DONALD CUE;<br>(3)    NIGHT MENARD, a/k/a Jean Gerald Francois;<br>(4)    CRISTIAN JUNIOR ALVARADO DELEON;<br>(5)    OSCAR NIEVES SOSA;<br>(6)    STIVEN BERRIO OSORIO;<br>(7)    ROBERT MONTEIRO;<br>(8)    PATRICK SNOW;<br>(9)    FELIX BAEZ MUNOZ;<br>(10)  PATRICK RINVIL; and<br>(11)  RICHARD ARCHIE<br><br>        Defendants | Criminal No. 21-cr-10231-GAO |

## INTERIM STATUS REPORT

Pursuant to Local Rule 116.5(b), the United States, by its undersigned counsel, respectfully submits the following status report regarding the above-captioned matter, which is set for an interim status conference on December 8, 2021. Government counsel circulated a draft of this status report to defense counsel and has incorporated those comments received from counsel.

**The parties request that the status conference scheduled for December 8, 2021 be cancelled and that another interim status conference be set in 60 days. Defense counsel require additional time to review the voluminous discovery that has been and continues to be produced by the Government. The Government has no objection and asks that the time between December 8, 2021, and the date of the next interim status conference be excluded**

**under the Speedy Trial Act.  Defense counsel assent to this request. Defendant Christian Junior Alvarado Deleon has filed a motion for new counsel (Doc. 137) and his current counsel takes no position on this status report.**

The defendants are charged with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine and cocaine base.  Defendant Donald Cue is charged with being a felon in possession of firearms and ammunition.  Defendant Cristian Junior Alvarado Deleon is charged with possession of a firearm in furtherance of a drug trafficking offense.

1. **Automatic discovery and discovery requests.**

The government produced discovery on September 1, 2021. The initial production of discovery is contained in approximately 15 GB of data, including law enforcement reports, drug laboratory reports, search and tracking warrant materials, photographs, and wiretap materials (including preliminary transcripts).  The government further produced additional discovery to defendants the week of November 23, 2021 and November 29, 2021. It is too soon for defense counsel to determine if there will be discovery requests and no requests are now pending.

2. **Timing of additional discovery**.

The government requests another 45 days to produce additional discovery, including surveillance reports, GPS and parcel tracking data, and forensic cellphone examination reports. The forensic cellphone examination data are in the process of being converted to a format conducive to review by defense counsel.  The United States anticipates that there may be additional materials to be produced and/or made available as it continues to review its files. Additionally, because the government's investigation is continuing, the United States anticipates

that additional evidence is likely to be obtained.  The United States understands that it has an ongoing and continuing duty to produce discovery.

> 3. **Timing of additional discovery requests.**

Defense counsel require additional time to review the discovery materials that were provided before making any discovery requests.  The government requests that the Court grant additional time to determine whether defense counsel will make any discovery requests.

> 4. **Protective orders**.

There are no protective orders. Because the government's investigation is ongoing, the government may seek a protective order in the future should the circumstances so warrant.

> 5. **Pretrial motions**.

The defendants have not filed any pretrial motions under Fed. R. Crim. P. 12(b).  It is too soon for the defendants to determine whether any pretrial motions will be filed.

> 6. **Timing of expert disclosures.**

The Court has established that the government shall provide expert discovery 21 days before trial, and the defendants, 14 days before trial.  The United States understands that the defendants reserve the right to request discovery concerning expert witnesses under Fed. R. Crim. P. 16(a).  To the extent that expert discovery is requested by the defendants, the United States requests reciprocal discovery.

> 7. **Defenses of insanity, public authority or alibi.**

No such defenses are currently anticipated.

> 8. **Periods of excludable delay**.

The Court entered an order of excludable delay between the date of the indictment on July 28, 2021 and the initial status conference on October 13, 2021.  Doc. 97.  The Court further

entered an order of excludable delay between October 13, 2021 and December 8, 2021. Doc. 133. There are no non-excludable days under the Speedy Trial Act. The government moves for excludable delay between December 8, 2021 and the next scheduled status conference, with the assent of the defendants.

9. **Status of plea discussions and estimated length of trial.**

Defendants continue to work through the discovery, and no Rule 11 hearings are requested at this time. The government estimates that the length of trial would be two weeks.

10. **Timing of a further status conference.**

The parties request to cancel the interim status conference scheduled for December 8, 2021 and for the Court to schedule a further interim status conference in 60 days.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Philip C. Cheng*
Philip C. Cheng
James E. Arnold
Assistant U.S. Attorneys
(617) 748-3101

Certificate of Service

I hereby certify that I served the foregoing document by ECF on December 3, 2021 to counsel of record.

*/s/ Philip C. Cheng*
Philip C. Cheng
Assistant U.S. Attorney